UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JAMES O'CALLAGHAN,

                    Plaintiff,                    **MEMORANDUM AND ORDER**

        - against -                               11 Civ. 6331 (NRB)

THE NEW YORK STOCK EXCHANGE, JOSEPH
PILOVSKY, DUNCAN NIEDERAUER,
VIRGINIA J. HARNISCH, W. KWAME
ANTHONY, MIKE DALTON, and TOM
BRUNO,

                    Defendants.
----------------------------------X
JAMES O'CALLAGHAN,

                    Plaintiff,

        - against -

THE NEW YORK STOCK EXCHANGE, JOSEPH
PILOVSKY, DUNCAN NIEDERAUER,
VIRGINIA J. HARNISCH, W. KWAME
ANTHONY, MIKE DALTON, and TOM          12 Civ. 1461 (NRB)
BRUNO,

                    Defendants.
----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

        Pro se plaintiff James O'Callaghan has filed two related

cases, now consolidated, against defendants the New York Stock

Exchange,[1] Duncan Niederauer, Virginia J. Harnisch, W. Kwame

---

[1] Plaintiff has named "The New York Stock Exchange" as a defendant, but
defendants have noted that "there is no legal entity with that name relevant
to his claims," because the stock exchange itself is simply an equities
market. (Notice of Removal, docket no. 1, at 2 n.1.) We assume plaintiff
intended to assert claims against the corporate entities New York Stock

1

Anthony, Mike Dalton, and Tom Bruno (collectively, the "NYSE Defendants"). Plaintiff alleges, among other things, that the NYSE Defendants violated securities laws and due process requirements in the course of disciplinary proceedings conducted pertaining to his activities as a NYSE member and independent floor broker, and he contests various substantive matters related to the resulting decision. Plaintiff also claims that defendant Joseph Pilovsky made false statements in the course of his testimony before the hearing board conducting those disciplinary proceedings (the "Hearing Board"). The NYSE Defendants and Pilovsky have separately moved to dismiss the actions on multiple grounds, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the reasons discussed below, defendants' motions to dismiss are granted.

---

Exchange LLC and New York Stock Exchange, Inc. The term "NYSE" is used hereinafter to refer to both corporate entities.

BACKGROUND[2]

I.   **The Parties**

Plaintiff entered the securities industry in 1969 and became a member of the NYSE in 1973. He was employed on the floor of the stock exchange for over thirty years, and in 1997 he formed an independent floor brokerage firm, which he operated as a sole proprietorship until converting it to a limited liability company called J&D Securities LLC ("J&D") in 2003. Independent of his brokerage firm, plaintiff had been given investment discretion over an account belonging to LDL Trading, Inc. (the "LDL Account"). His trading in that account triggered alerts in the NYSE's surveillance systems,[3] and in 2001 the NYSE commenced an investigation into plaintiff's floor trading. This investigation eventually led to disciplinary proceedings and the subsequent imposition of sanctions against plaintiff.

---

[2] The facts recited herein are drawn from plaintiff's first complaint (No. 11 Civ. 6331, docket no. 1, Ex. A ("O'Callaghan I Compl.")), plaintiff's second complaint (No. 12 Civ. 1461, docket no. 1, Ex. A ("O'Callaghan II Compl.")), and documents incorporated by reference in the complaints, possessed and relied upon by plaintiff in bringing suit, or of which we may take judicial notice. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings."). Because of the solicitude we afford pro se plaintiffs, letters submitted to the Court by plaintiff are treated as amending his complaints to the extent they clarify or supplement the allegations therein. See Sommersett v. City of New York, No. 09 Civ. 5916 (LTS)(KNF), 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011).

[3] It is unlawful for a floor broker to conduct trades for an account in which he has an interest or over which he exercises investment discretion, with certain exceptions. See 15 U.S.C. § 78k(a); 17 C.F.R. § 240.11a-1.

The NYSE is a self-regulatory organization that operates the New York Stock Exchange, an equities market. Pursuant to its obligations under the Securities Exchange Act of 1934 (the "Exchange Act"), the NYSE is responsible for ensuring that its members and other persons associated with it abide by federal securities laws and NYSE rules. See 15 U.S.C. § 78f(b)(1), (d). Niederauer has served as chief executive officer and a director of the NYSE since December 2007 and has served as a member of the NYSE's management committee since April 2007.

Harnisch and Anthony are attorneys for NYSE Regulation, Inc. ("NYSE Regulation"), which is responsible for enforcing compliance by NYSE members with exchange rules and applicable federal securities requirements. They appeared before the Securities and Exchange Commission (the "SEC") on behalf of NYSE Regulation at plaintiff's disciplinary appeals of May 20, 2008 and December 10, 2009. They also appeared before the Hearing Board on behalf of NYSE Regulation at plaintiff's March 11, 2010 hearing.

Dalton was the NYSE investigator who investigated plaintiff's trading for the LDL Account. His testimony formed, at least in part, the basis of the NYSE's case against plaintiff. Bruno supervised Dalton's investigation.

4

Pilovsky was the branch manager of the brokerage organization at which the LDL Account was maintained. He testified as a witness before the Hearing Board in 2005, during the NYSE's investigation into plaintiff's trading activities.

## II.  <u>Disciplinary Proceedings</u>

### A.   **The First Set of Disciplinary Proceedings**

After the conclusion of an investigation into plaintiff's trading activities between December 2000 and October 2001, the NYSE conducted a hearing and found that those activities constituted violations of the Exchange Act and NYSE rules. <u>See</u> O'Callaghan, No. 05-74, 2005 WL 5600965 (N.Y.S.E. Nov. 2, 2005) (the "2005 Decision"). The Hearing Board accordingly suspended plaintiff for three months and fined him $30,000. <u>See</u> <u>id.</u> at *5. Plaintiff appealed the decision to NYSE Regulation's Board of Directors (the "Directors"), and, in a decision dated June 6, 2007, the Directors affirmed the decision.

Plaintiff then appealed to the SEC, which upheld the findings of violations by plaintiff but remanded the proceeding for reconsideration of the sanctions. <u>See</u> <u>In re O'Callaghan</u>, Exchange Act Release No. 57840, 2008 WL 2117162 (May 20, 2008). On remand, the Hearing Board concluded that the penalties that had initially been imposed were appropriate. The Directors

affirmed that decision on January 28, 2009, and on February 11, 2009 plaintiff again appealed to the SEC.

On February 20, 2009, the SEC granted plaintiff's request for a stay of the suspension pending his appeal but denied his request for a stay of the fine. Plaintiff was informed by the Hearing Board that his final deadline for payment of the fine was June 12, 2009, and that if he failed to pay the fine, he could be subject to a summary suspension. Plaintiff did not pay the fine, and, effective July 29, 2009, he was suspended until such time as the fine is paid, which plaintiff has yet to do. On December 10, 2009, the SEC upheld the sanctions. See In re O'Callaghan, Exchange Act Release No. 61134, 2009 WL 4731651 (Dec. 10, 2009).

### B.   The Second Set of Disciplinary Proceedings

In a separate set of proceedings unrelated to the first, NYSE Regulation initiated a disciplinary action against plaintiff and J&D on January 11, 2006. On October 25, 2007, the Hearing Board found both plaintiff and J&D guilty of charges related to, inter alia, violating net capital requirements. On March 14, 2008, plaintiff, J&D, and NYSE Regulation entered into a Stipulation of Facts and Consent to Penalty (the "Stipulation"). The Hearing Board accepted the Stipulation that same day, finding plaintiff and J&D guilty as set forth in the

document and imposing the penalty to which plaintiff and J&D had
consented, including a $75,000 fine for which they were jointly
and severally liable. See J&D Sec. LLC, Nos. 08-19, 08-20, 2008
WL 2389210 (N.Y.S.E. Apr. 16, 2008) (the "2008 Decision").

By letter dated May 14, 2008, the Hearing Board notified
plaintiff that the fine imposed in the 2008 Decision must be
paid within 45 days. To date, that fine has not been paid by
either J&D or plaintiff. Shortly after the Hearing Board's
notification, plaintiff filed for "full termination" of his
securities industry registrations and "full withdrawal" of J&D's
broker-dealer registration. Both filings were effective as of
May 18, 2009.

**C.   The Final Set of Disciplinary Proceedings**

On March 11, 2010, the Hearing Board found that plaintiff
had violated NYSE Rule 476(a)(7) by failing to pay the fines
that had been imposed in the 2005 and 2008 Decisions. See
O'Callaghan, No. 10-NYSE-5, 2010 WL 1419350 (N.Y.S.E. Mar. 11,
2010). Plaintiff was barred from membership until he paid the
fines incurred in both sets of proceedings, with the bar to
become permanent if plaintiff failed to pay either fine within
thirty days. Plaintiff has yet to pay the fines in question.

7

### III. __The Instant Action__

On August 22, 2011, plaintiff filed the <u>O'Callaghan I</u> complaint in New York state court, and defendants properly removed the action to this Court on September 9, 2011. On February 21, 2012, plaintiff filed the <u>O'Callaghan II</u> complaint -- also in New York state court -- which made substantially identical allegations against the same defendants as those in his initial action. <u>O'Callaghan II</u> was removed to this Court on February 28, 2012, and the two cases were consolidated by order dated March 19, 2012.

In his complaints, plaintiff suggests that the individual defendants lied throughout his disciplinary proceedings, resulting in the wrongful imposition of sanctions. Read broadly, the complaints seek to vacate the disciplinary decisions and advance a federal claim of denial of due process, as well as claims under New York state law for defamation, fraud, and violations of state securities laws.

__DISCUSSION__

### I. __Legal Standards__

We "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted); <u>see also</u> <u>Kassner v.</u>

8

2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). As plaintiff is proceeding pro se, we are also bound to construe his pleadings liberally and interpret them to raise the strongest arguments that they suggest. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted when a district court lacks the statutory or constitutional authority to adjudicate a claim. See Morrison, 547 F.3d at 170. When subject matter jurisdiction is challenged, the plaintiff bears the burden of establishing a factual basis for jurisdiction. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). The requisite "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison, 547 F.3d at 170 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must ultimately allege "enough facts to state a claim to relief that is plausible on its face."

<u>Id.</u> at 570. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." <u>Id.</u> This pleading standard applies in "all civil actions," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) (internal quotation marks omitted), including pro se cases. <u>See</u> <u>Schwamborn v. Cnty. of Nassau</u>, 348 F. App'x 634, 635 (2d Cir. 2009).

## II.  This Court Lacks Subject Matter Jurisdiction Over the Majority of Plaintiff's Claims

Congress and the SEC have enacted a comprehensive securities regulation scheme, including an integrated system of enforcement procedures that contain the exclusive mechanisms for contesting NYSE disciplinary actions. That scheme contains no provision for the review of a disciplinary proceeding by a district court. Rather, after two levels of appeal internal to the NYSE, <u>see</u> NYSE Rule 476(b), (f), disciplinary proceedings may be appealed to the SEC, <u>see</u> 15 U.S.C. § 78s(d). Following a final order from the SEC, an aggrieved individual may seek review from a United States Court of Appeals. <u>See</u> 15 U.S.C. § 78y(a)(1).

Courts in this district have repeatedly found this "specific and comprehensive" scheme to be the "exclusive route" for obtaining review of disciplinary actions administered by self-regulatory organizations. <u>CleanTech Innovations, Inc. v. NASDAQ Stock Mkt., LLC</u>, No. 11 Civ. 9358 (KBF), 2012 WL 345902,

at *1 (S.D.N.Y. Jan. 31, 2012); <u>see also, e.g.</u>, <u>Altman v. SEC</u>, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) (finding that "district courts lack jurisdiction to hear post-enforcement challenges," which "must proceed in accordance with the statutory scheme").

Plaintiff has failed to follow the statutory procedures for appealing disciplinary proceedings. The only avenue of redress for plaintiff's grievances regarding the substance of the disciplinary proceedings is through the procedures established by the NYSE and SEC followed by an appeal to the Court of Appeals.[4] This Court therefore does not have jurisdiction to evaluate the merits of plaintiff's disciplinary proceedings, and all claims seeking such review are accordingly dismissed.

## III. Plaintiff's Federal Due Process Claims Are Barred by Doctrines of Immunity

It is not in dispute that the NYSE is obligated to provide "a fair procedure" in disciplinary proceedings and to comply with the provisions of the Exchange Act, any rules promulgated thereunder, and its own rules. 15 U.S.C. §§ 78f(b)(7), 78s(g). These obligations give rise to some due process-like requirements. <u>D'Alessio v. SEC</u>, 380 F.3d 112, 121, 123 (2d Cir.

---

[4] Plaintiff suggests that he could not afford the fees associated with a proper appeal (Henkin Decl. Ex. A at 2), but the courts grant leave to proceed <u>in forma pauperis</u> in such situations, <u>see</u> Fed. R. App. P. 24(b), and his financial situation does not excuse his failure to follow the established procedures.

2004); see also MFS Sec. Corp. v. SEC, 380 F.3d 611, 617-18 (2d Cir. 2004).

Moreover, under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), federal employees or officers acting under color of their authority may be held personally liable for violations of a person's constitutional rights.[5] Although it is "not self evident" that the due process requirements of the Fifth and Fourteenth Amendments apply in their entirety to NYSE disciplinary proceedings, D'Alessio, 380 F.3d at 120, this district has previously evaluated claims against the NYSE under Bivens, see Trama v. N.Y. Stock Exch., Inc., No. 76 Civ. 4898, 1978 U.S. Dist. LEXIS 15543, at *11-16 (S.D.N.Y. Sept. 14, 1978). Accordingly, for the purposes of deciding this motion, we will assume that Bivens provides an avenue by which to bring suit against the NYSE for some alleged due process violations.

Plaintiff claims that the NYSE investigation and subsequent hearings violated his due process rights in a variety of ways, including the suppression of evidence and unwarranted delays in providing notice of the charges against him. However, all of plaintiff's claims are predicated on the NYSE's allegedly improper performance of its disciplinary functions under the Exchange Act, and the NYSE is granted absolute immunity "for

---

[5] Pilovsky, as a private brokerage employee, faces no liability under Bivens.

12

claims arising out of the performance of its federally-mandated conduct of disciplinary proceedings."[6] D'Alessio v. N.Y. Stock Exch., Inc., 258 F.3d 93, 104 (2d Cir. 2001) (internal quotation marks omitted). The doctrine of absolute immunity extends "to private entities engaged in quasi-public adjudicatory and prosecutorial duties," including those in administrative proceedings. Id. at 105 (internal quotation marks and emphasis omitted); see also Knight v. SEC, 403 F. App'x 622, 623 (2d Cir. 2010) ("Insofar as they represent the [SEC] in prosecuting the securities action against [plaintiff], [the individual defendants] are entitled to absolute prosecutorial immunity."); Bohmer v. New York, 684 F. Supp. 2d 357, 364 (S.D.N.Y. 2010). The proceedings at issue are quasi-judicial in nature, and all of the NYSE Defendants other than Dalton and Bruno -- who were engaged in investigative, not prosecutorial or adjudicative activities -- are therefore wholly immune from suit predicated on the disciplinary hearings.[7]

---

[6] Affirmative defenses, such as immunity from suit, may be considered on motions to dismiss if they "appear[] on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); see also Benzman v. Whitman, 523 F.3d 119, 125 (2d Cir. 2008) (applying qualified immunity on a motion to dismiss).

[7] Plaintiff's claim that the NYSE "ceased to maintain immunity" when it allegedly violated his constitutional rights (Henkin Decl. Ex. A at 4), is entirely unfounded. See, e.g., Butz v. Economou, 438 U.S. 478, 508 (1978) (a defendant's immunity may terminate damages suits concerning constitutional violations); Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) ("[T]he existence of absolute immunity protects an official not only from liability but also from suit . . . ."); see also Cal Public Emps. Ret. Sys.

Moreover, qualified immunity is granted to officials functioning "more like investigators than prosecutors." Cornejo v. Bell, 592 F.3d 121, 128 (2d Cir. 2010); see also Mangiafico v. Blumenthal, 471 F.3d 391, 396 (2d Cir. 2006); Trama, 1978 U.S. Dist. LEXIS 15543, at *12-16 (dismissing Bivens claim against NYSE defendants because of their qualified immunity). In evaluating a defendant's qualified immunity, we must first ask whether the plaintiff has alleged a constitutional violation; if he has, we inquire as to whether a reasonable person would have known that the conduct at issue violated clearly established rights. See Sira v. Morton, 380 F.3d 57, 68-69 (2d Cir. 2004); see also Cornejo, 592 F.3d at 128; Sprecher v. von Stein, 772 F.2d 16, 18 (2d Cir. 1985). We apply this analysis in determining whether Dalton and Bruno are likewise afforded immunity.

Plaintiff's claims of constitutional violations may be grouped into three categories: that the consideration of evidence at the hearings was improper because presumably exculpatory evidence was suppressed and defendants' accusations were unsupported; that plaintiff did not receive timely notice of the investigation or have his rights adjudicated

---

v. N.Y. Stock Exch., Inc. (In re NYSE Specialists Sec. Litig.), 503 F.3d 89, 97-98 (2d Cir. 2007) (finding that absolute immunity applies even when a self-regulatory organization is alleged to have abused its powers).

expeditiously; and that one of the hearing officers should have recused himself.[8]

With respect to the first category, plaintiff never specifies what evidence was allegedly concealed during his disciplinary proceedings[9] or provides a basis for his assertion that his hearings were based on unsupported accusations.[10] Even construing what allegations he has made as liberally as possible, plaintiff has not plausibly alleged conduct rising to the level of a constitutional violation. Cf. Knight, 403 F. App'x at 623. Regardless, the SEC and NYSE each evaluated the factual record and provided analyses of plaintiff's case, ultimately issuing several reasoned decisions. Thus, even had there been defects in the NYSE proceedings, the due process

---

[8] Plaintiff also conclusorily asserts that he was discriminated against on the basis of his age during the disciplinary proceedings. Plaintiff, however, has alleged no facts that suggest that the initiation, conduct, or results of the proceedings were influenced in any way by his age. The alleged discrimination, rather, is only that the disciplinary proceedings "took seven years out of [his] life" (Henkin Decl. Ex. A at 5), even though he "asked for a quick end to this hearing because [he] had several opportunities at new jobs" and was 62 years old when the NYSE investigation began. (Letter from James O'Callaghan to the Hon. Naomi Reice Buchwald at 5 (April 19, 2012).) Such a contention does not describe a constitutional violation. Nor, for that matter, would it suffice to make out a cause of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Cf. Perry v. State of N.Y. Dep't of Labor, No. 08 Civ. 4610 (PKC), 2009 WL 2575713, at *2 (S.D.N.Y. Aug. 20, 2009) (requiring plaintiff "to set forth factual circumstances from which discriminatory motivation can be inferred" (citing Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007))).

[9] Plaintiff repeatedly expresses his belief that further investigation will reveal his innocence, but, as discussed above, the merits of the disciplinary proceedings themselves are not properly before us.

[10] We note also that there is no civil cause of action for perjury. See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002).

afforded by the SEC's thorough factual findings would have cured them. See McCarthy v. SEC, 406 F.3d 179, 187 (2d Cir. 2005).

Plaintiff further contends that he did not receive notice of the investigation into his trading until August 31, 2004 (Henkin Decl. Ex. E at 2)[11] and that this lack of notice constitutes a violation of his due process rights. However, NYSE members have no constitutional right to notice of the NYSE's investigatory activities. See Knight, 403 F. App'x at 623-24 (no right to notice of SEC investigations). While 15 U.S.C. § 78f(d)(1) does require national securities exchanges to notify their members of any specific charges actually brought against them, see also D'Alessio, 380 F.3d at 123, plaintiff was so notified of the charges underlying his disciplinary proceedings.[12]

Finally, plaintiff argues that one of the hearing officers in his initial disciplinary proceedings should have recused himself. The due process clauses of the Fifth and Fourteenth

---

[11] Though by no means essential to our decision, we note that this assertion is contradicted by the 2005 Decision's recitation of facts. See 2005 WL 5600965, at *3 ("By letter dated October 21, 2001, which [plaintiff] received, the Exchange notified him of its investigation.").

[12] Plaintiff's assertion that his proceedings violated his right to a speedy trial makes the unwarranted assumption that such a right is afforded in administrative disciplinary proceedings. See U.S. Const. amend. VI; Jhirad v. Ferrandina, 536 F.2d 478, 485 n.9 (2d Cir. 1976) (right to a speedy trial is limited to criminal proceedings); cf. D'Alessio, 380 F.3d at 116 n.8 (distinguishing between criminal and NYSE disciplinary proceedings); In re NYSE Specialists Sec. Litig., 503 F.3d at 101 (providing lesser protections "where an individual's very liberty [is not] at stake").

Amendments protect the right of parties and the public to "tribunals free of personal bias," and "[t]his requirement is applicable to administrative agencies such as the [SEC] in much the same way as it is applicable to courts." MFS Sec. Corp., 380 F.3d at 617-18. However, plaintiff bases his argument on the assertion that the hearing officer had previously been involved in the resolution of proceedings that were related in some fashion to plaintiff's case (Henkin Decl. Ex. C at 5), not because the hearing officer bore any personal animus toward him or that the officer had a personal stake in the outcome of the proceedings. See D'Alessio, 380 F.3d at 122. Recusal, therefore, was not required. More importantly, the investigators are not alleged to have had any control over the officer's decision whether to recuse himself, and accordingly this issue has no bearing on their qualified immunity.

Plaintiff has therefore failed to adequately allege any due process violations, and the NYSE Defendants are entitled to immunity.

## IV.  **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Consequently, the Second Circuit has held that "where all the

17

federal claims have been dismissed at a relatively early stage,
the district court should decline to exercise supplemental
jurisdiction over pendent state-law claims." <u>Astra Media Grp.,
LLC v. Clear Channel Taxi Media, LLC</u>, 414 F. App'x 334, 337 (2d
Cir. 2011); <u>see also</u> <u>Marcus v. AT&T Corp.</u>, 138 F.3d 46, 57 (2d
Cir. 1998). Having dismissed plaintiff's federal claims, we
decline to exercise supplemental jurisdiction over any potential
state law claims that he may have raised.

## CONCLUSION

We have considered plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, we grant defendants' motions to dismiss (docket nos. 5, 9) as to the federal claims. The Clerk of the Court is hereby ordered to remand the remaining state claims to the state court forthwith.

**SO ORDERED.**

Dated:    New York, New York
          August 6, 2012

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**
James O'Callaghan
110 East End Avenue
Apartment 10-K
New York, NY 10002

**Attorneys for Defendants**
Douglas W. Henkin, Esq.
Ethan Lee, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Lisa Rosenthal, Esq.
Jon Gautier, Esq.
Mansfield, Gautier & Rosenthal LLP
187 East Market Street, Suite 130
Rhinebeck, NY 12572

19